UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN HARVEY, | ) | CASE NO. 1:22 CV 538 |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | ) | **MEMORANDUM OPINION** |
| | **)** | **AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff Norman Harvey, an inmate in the Lorain Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC") Director Annette Chambers-Smith, ODRC Parole Specialist Mr. Gerren, Lorain Correctional Institution Warden Mrs. Black, Ohio Adult Parole Authority ("OAPA") Representative Dwight Packovich, OAPA Representative J. Ferraro, OAPA Representative Joseph Lisi, OAPA Hearing Examiner Erin Hoston, and OAPA Representative C. Hastings. In the Complaint, Plaintiff alleges that he was wrongfully incarcerated for a violation of the terms of his post release control after he completed the post release control portion of his sentence. He asserts that the Defendants denied him due process. He seeks monetary damages.

**I.** **Background**

On January 25, 2017, Plaintiff pled no contest to burglary in the Mahoning County Court of Common Pleas. He was sentenced on January 27, 2017, to two years incarceration with credit for time served awaiting trial. The ODRC indicates he was released to post release control on July 21, 2018.

After his release from prison in Ohio, the events become less clear. Plaintiff alleges that in January 2022 he was in the custody of the Pennsylvania Department of Corrections awaiting release on supervision when he was served with a detainer from the State of Ohio. Although he had a space reserved for him at a halfway house in Pennsylvania, he appeared before a Pennsylvania judge on the detainer from Ohio and was transported to the Lorain Correctional Institution in Ohio on February 22, 2022.

Plaintiff contends he met with OAPA representative C. Hastings on February 26, 2022. He states that Hastings presented him with oral and written notice of the post release control violation with which he was charged. He claims Hastings told him he could have counsel appointed to represent him at the violation hearing. He indicates an unknown OAPA officer informed him that he would not be appointed counsel. Plaintiff contends that he served his three-year term of post release control without a violation and his sentence had therefore expired at the time of the charges. He claims he required counsel to make that argument effectively.

The hearing began on March 29, 2022. Plaintiff claims that on that same day, the hearing examiner, Erin Hoston stopped the hearing declaring that Plaintiff should have been appointed counsel. She continued the hearing to April 18, 2022. Plaintiff contends that this further delayed the hearing which was supposed to take place within twenty-five days after he is taken into custody. He claims these actions denied him due process.

II.     **Standard**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### III.     Analysis

As an initial matter, Plaintiff seeks damages for constitutional violations in a criminal action that was pending at the time he filed this case. There is no suggestion of if or how this matter was resolved. To the extent that the revocation hearing is still pending, this federal court cannot take actions or decide issues which will interfere with the pending state proceedings unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters,

he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

As of the filing date of the Complaint, all three factors supporting abstention were present. Plaintiff alleged that the revocation hearing was set for two weeks from the date his Complaint was filed, and this Court acknowledges that state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. Here, Plaintiff does not allege that his claim is barred in the state action. To the extent that the matter is still pending in state court, the requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

Although Plaintiff does not suggest whether the hearing occurred and if so, what decision was issued, the ODRC indicates that Plaintiff is incarcerated in the Lorain Correctional Institution and lists his expected release date as July 21, 2022. To the extent that this means Plaintiff's hearing was held on the rescheduled date and he was found guilty of the violation, he cannot proceed with these claims.

In order to recover damages for allegedly unconstitutional conviction or imprisonment, a Plaintiff must prove that the conviction or sentence has been reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages that calls into question the validity of continued incarceration that has not been invalidated is not cognizable in a civil rights action under 42 U.S.C. § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In this case, Plaintiff alleges that he was denied due process during the post release control revocation process. If he was indeed found guilty of the violation and sentenced to an additional term of incarceration, he cannot challenge that result in a civil rights action for damages.

Finally, even if he could proceed with his claims, Plaintiff fails to state a claim upon which relief may be granted against these Defendants. He sues them in their official and

individual capacities. The Defendants are all state employees. A suit against a state employee in his or her official capacity is the equivalent of a suit against the State itself. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment is an absolute bar to suits against the State for damages. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

To state a claim against an individual Defendant, Plaintiff must show that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint contains no factual allegations against Chambers-Smith, Gerren, Black, or Lisi. He simply alleges for all of these Defendants that they "intentionally and deliberately deprive[d] me of the right to due process of law, …[and] unlawfully removed [me] from the asylum State of Pennsylvania, [and] deprive[d] me of my liberty interest, … [kept] me restrained and confined to a prison cell, [and] force[d] me to be covid tested and quarantined all under color of state or local law, statute, custom regulation or usage." (Doc. No. 1 at 4-7). This general allegation is not sufficient to state a claim against a specific individual Defendant.

Plaintiff fails to allege sufficient facts against Hasting, Hoston, Pavkovich or Ferraro to suggest that they violated his constitutional rights. He claims Hasting presented him with oral and written notice of the violation. That allegation alone does not suggest a denial of due process. He contends Hoston and Pavkovich found that there were "no issues" that would prevent Plaintiff from presenting a defense. Plaintiff contends they should have known he was held in the Pennsylvania correctional facility in the mental health observation unit. He also alleges, however, that Hoston stopped the hearing and continued it so that Plaintiff could obtain

counsel. Furthermore, there are no facts suggesting the Defendants actually were aware of Plaintiff's medical or psychiatric history. Finally, he alleges Ferraro and Pavkovich presented evidence against him which was forged or altered. There are no other facts alleged to explain these allegations. They are not sufficient to state a claim against any individual Defendant.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 3, 2022

_____
BRIDGET M. BRENNAN
UNITED STATES DISTRICT JUDGE